# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDMUND NOWICKI | : | |
|     Plaintiff | : | |
| v | : | Civil Action No. PJM-09-750 |
| WARDEN WOLFE | : | |
| SERGEANT ELLE | : | |
| OFFICER LYLES, and | : | |
| CAPTAIN WILSON | : | |
|     Defendants | : | |

o0o

## MEMORANDUM

Pending is Defendants' Response to Order to Show Cause. Papers No. 11. Also pending are Plaintiff's Motions for Appointment of Counsel and for Preliminary Injunction. Papers No. 5 and 6. In addition, the Court has received several pleadings from Plaintiff's father concerning his efforts to intervene on his son's behalf and his offer to pay the filing fee in this case. Paper No. 16 and 17. Defendants have moved for an extension of time to file a response to the Complaint to and including August 8, 2009, which shall be granted. Paper No. 18.

Defendants assert that Plaintiff's current housing assignment, disciplinary segregation, provides him with limited exposure to other inmates. Paper No. 11. They claim the only inmate he comes into contact with on a regular basis is his cell mate. *Id*. They state that because his current housing assignment provides him with as much protection as an assignment to protective custody would provide and Plaintiff can not substantiate any enemies currently housed in the Division of Correction, the motion for preliminary injunction should be denied. *Id*. Defendants explain that the inmates named as enemies by Plaintiff have been released from custody and there has never been any verification that there is a gang contract on his life. *Id*. at Ex. 1 and 2.

Plaintiff has filed a Reply to the assertions submitted by Defendants. Paper No. 14. He claims the reason he is currently confined to disciplinary segregation is that he refuses to be

housed in general population due to his fear of being injured or killed by members of the Bloods gang. *Id*. at p. 2.  He admits that currently he is not confined with inmates who are gang members or are willing to harm him, but has no way of assuring this will remain the same.  He explains that the danger to his safety is caused by the countless members of Bloods who are aware of what transpired between Plaintiff and a member of the gang in 2004.  He has no way of telling prison staff the exact names of the inmates who are members of the gang who have sworn to take vengeance on him. *Id*.  Plaintiff adds that he is not attempting to manipulate his housing assignment; rather, his actions are motivated by fear for his life.

      Plaintiff's father has filed correspondence on his behalf stating that there are gang members currently assigned to the same housing unit.  Additionally, he forwards correspondence concerning his inquiries into an investigation of an alleged assault on his son by correctional officers at Maryland Correctional Adjustment Center (MCAC).  Plaintiff's father requests that this Court allow him to pay Plaintiff's filing fee at the rate of fifty dollars a month.  Paper No. 17.  Because Mr. Nowicki is not a party in his son's case, the Court has no jurisdiction to order his payment of the filing fee.  In addition, Mr. Nowicki has no standing to file pleadings or make assertions on Plaintiff's behalf.

      The legal standard to apply in considering an application for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is

granted. *See Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).

The evidence before the Court at this time is that Plaintiff's plausible pleas for protective custody are being denied by prison officials for reasons that do not address the actual threat of harm stated. The fact that Plaintiff cannot provide a name to the faceless gang that has claimed him as an enemy provides no justification for refusing his requests for protection from potential violence. Plaintiff's willingness to endure the conditions of disciplinary segregation[1] rather than face the dangers presented in general population, supports his assertions that his fears are not baseless. In short, there is a substantial likelihood that irreparable harm may occur if injunctive relief is not granted in this case. Accordingly, the motion for preliminary injunction shall be granted subject to reconsideration after further evidence is presented to the Court regarding the merits of the claims raised. In order to assist Plaintiff in the presentation of his claims, the Court will appoint counsel to represent him. A separate Order follows.

July 14, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] plaintiff states he has stayed on disciplinary segregation for six months where he receives no commissary, no phone privileges, no contact visits, no radio or television, and no fan. Paper No. 14 at p. 3. Additionally he states he only receives one hour out of his cell five days a week because of his current assignment. The Court also takes judicial notice of the fact that institutional disciplinary proceedings generally include the loss of earned good conduct time as well as the loss of opportunities to participate in other activities that earn diminution of confinement credits.